UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                           CR No. 07-787 JC

JACOB RAMON SILVA,

        Defendant.


**SENTENCING MEMORANDUM OPINION ON CAREER OFFENDER STATUS**

THIS MATTER comes before the Court on *Defendant's Objections to the Presentence Report*, filed July 1, 2008 (*Doc. 25*) and Defendant's *Objections and Reply to the Addendum to the Presentence Report*, filed July 28, 2008 (*Doc. 26*). The primary issue is whether the Presentence Report (PSR) correctly applied the Armed Career Criminal Act (ACCA) provision of U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e)(1) to Defendant. Defendant challenges application of the enhancement as erroneous insofar as it is predicated upon: (1) Defendant's prior conviction for burglary of a shed, and (2) Defendant's November 9, 2006 felony conviction for aggravated assault with a deadly weapon.

**I.   Background**

Following extensive oral argument, and having thoroughly considered the briefs and relevant law, I issued an oral ruling from the bench in a hearing (Defendant requested a bifurcated sentencing hearing) on September 17, 2008, determining that both crimes at issue are proper predicate offenses for the enhancement and ruling that Defendant Silva is indeed a career

offender for purposes of sentencing. At the close of that hearing, upon receiving my ruling, Defendant's attorney requested time ("five minutes") to confer with Defendant to determine whether Defendant would withdraw his plea. I granted his request because I found it fair and just under the facts and circumstances. *See United States v. Moya*, 282 F.3d 1311, 1318 (10th Cir. 2002). Of course, the Defendant required more than the five minutes requested by counsel to consider his options, and I continued the sentencing hearing for that purpose.

On January 7, 2009, Defendant Silva again came before me for sentencing on his plea agreement and again requested another continuance to further consider withdrawing his plea agreement. I granted the continuance. On February 12, 2009, Defendant appeared before me for sentencing and requested yet another, prolonged continuance. I declined to grant another continuance and sentenced Defendant Silva to the mandatory minimum of 180 months incarceration under the self-executing ACCA. At that time, I recorded factual findings on Defendant's status under the ACCA. I now enter this Sentencing Memorandum in further support.

On April 24, 2007, the grand jury returned the Indictment in the instant case, charging Defendant Silva with being a felon in illegal possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 28, 2007, Defendant made his initial appearance and was arraigned. Mr. Silva entered a plea of guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Plea Agreement identifies Defendant's maximum statutory penalty as ten (10) years' imprisonment. At no time was written or verbal notice given as to a mandatory minimum sentence or potential application of the Armed Career Criminal Act (ACCA), which would automatically give rise to a

mandatory minimum sentence.[1]  For this reason, I provided Defendant the opportunity to withdraw his plea agreement and ample continuances to consider his option to do so.

On May 28, 2008, the initial Presentence Report was disclosed.  On June 17, 2008, Defendant submitted to the United States Probation Office his informal, written objections thereto.  The Probation Office responded to Defendant's objections and submitted a modified Presentence Report ('PSR") and letter in response. The PSR determines that the Armed Career Criminal provisions of 18 U.S.C. § 924(e)(1) apply, subjecting defendant to a mandatory minimum sentence of fifteen (15) years and a statutory maximum life sentence.  Defendant Silva maintains that his prior felony convictions under New Mexico statutes for: (1) Commercial Burglary and (2) Aggravated Assault With a Deadly Weapon do not constitute violent felonies for purposes of U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e)(1).[2]

## II.    Discussion

As a general rule, the Government bears the burden of establishing that a sentence enhancement applies, *United States v. Martinez-Villalva*, 232 F.3d 1329, 1333 (10th Cir. 2000), although 18 U.S.C. § 924(e)(1) is a mandatory, self-executing statute and "does not require government action to trigger its application not does it vest discretion in the sentencing court not to apply its mandate."  *United States v. William Johnson*, 973 F.2d 857 (10th Cir. 1992). Pursuant to 18 U.S.C. § 924(e)(1), ". . .a person who violates section 922(g) of this title and has

---

[1] The record is unclear as to whether Defendant's attorney ever advised Defendant of the potential application of the ACCA, given Defendant's criminal history.

[2] Additionally, Defendant Silva objected to various other pieces of information contained in the PSR as unreliable.  I do not specifically address each objection or pass on the reliability of the information for purposes of the PSR because none of the information contained in those objections factored in any way into my determination of Defendant Silva's sentence.

three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $250,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." "Violent felony" is defined as "(B)...any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against [another's] person," or "(ii) is burglary [or other specified offenses] or otherwise involves conduct that presents a serious potential risk of physical injury under § 924(e)(2)(B)(ii)."

For purposes of § 924(e), an offense constitutes "burglary" if, regardless of its precise definition or label, it has the basic elements of a "generic burglary," namely an unlawful or unprivileged entry into, or remaining in, a *building or other structure*, with the intent to commit a crime *or* if the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict. *Taylor v. United States*, 495 U.S. 575, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990)(emphasis added).[3]  Where, as here, a defendant has a burglary conviction under a non-generic statute, the court is permitted to go beyond the fact of conviction to consider limited documents including charging papers or jury instructions. *Id.* at

---

[3]As the *Taylor* Court noted, "[t]he legislative history also indicates that Congress singled out burglary . . . for inclusion as a predicate offense, both in 1984 and 1986, because of its inherent potential for harm to persons.  The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation." *Taylor v. United States*, 495 U.S. at 588.  Common sense dictates that there is indeed a likelihood of confronting a person inside his garden shed near his dwelling, whether or not that structure has as plywood floor or can be moved.

602.  The Supreme Court extended its holding in *Taylor* to convictions resulting from plea agreements.  Accordingly, where a defendant has pled guilty under a non-generic statute, the sentencing court can consider "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant" in order to determine if the generic elements of the offense were admitted.  *Shepard v. United States*, 544 U.S. 13, 19 (2005), 125 S. Ct. 1254, 161 L. Ed. 2d 205 (guilty pleas may establish ACCA predicate offenses with same limitations on permissible documents).          **A**.  **Defendant's July 28, 2008 Burglary Conviction**

The New Mexico commercial burglary statute under which Defendant Silva was convicted states that "[a]ny person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony."  NMSA § 30-16-3(B).  Defendant's position is that because New Mexico has defined and applied its commercial burglary statute to include non-permanent and movable structures or enclosures that are not designed for human occupancy – watercraft, vehicles, and aircraft – in addition to structures and dwellings, an individual can violate the statute in ways that fall outside the conduct to be prevented and punished under § 924(e).  Defendant asks the Court to conclude that while he admittedly burglarized a shed in the yard of someone's dwelling, under a modified categorical approach, the subject shed is not a "building or other structure" because it has a plywood floor and has been moved since he burglarized it.

The case of *United States v. David King*, 422 F.3d 1055 (10th Cir. 2005) is particularly instructive, if not directly on point.  In *King*, the defendant unsuccessfully argued that his

5

previous commercial burglary conviction under the same statute, NMSA § 30-16-3, was not a violent felony because under the *Taylor/Shepard* categorical approach for pleas under non-generic statutes, the storage unit he burglarized was not a "structure."  The Tenth Circuit concluded, as I concluded in this case, that the [plea agreement and] the indictment established that the defendant was indeed convicted of unlawfully entering a structure.  The charging document on the burglary conviction in this case states that "on or about the 3rd day of December, 1998, in Bernalillo County, New Mexico, the above-named defendant [Jacob Ramon Silva] entered a structure, a shed, located at 2024 Nancy SW, without authorization or permission with intent to commit any felony or a theft therein."   Defendant's attempt to distinguish this case from *King* on the basis of potential movability is not well taken because *King* gives no indication that if a shed can be moved it cannot be considered a structure.  In sum, I concluded that the generic elements of burglary have been established in this case by virtue of the indictment and, accordingly, the conviction qualifies as a violent felony under 18 U.S.C. § 924(e)(1).

    **B.  November 9, 2006 Aggravated Assault Conviction**

Defendant also has a prior conviction for aggravated assault (deadly weapon) NMSA § 30-3-2(A), which states that aggravated assault consists of "unlawfully assaulting or striking at another with a deadly weapon."  According to the indictment in that case, to which defendant pled guilty, "on or about the 13th day of April, 2006, in Bernalillo County, New Mexico, the above-named defendant [Jacob Ramon Silva] did unlawfully assault or strike at Martha Zamora, with a firearm, which was a deadly weapon."  The conviction, then has "as an element the use, attempted use, or threatened use of physical force against the person of another" and meets the

criteria for a violent felony.

Regarding Defendant's Due Process challenge to this aggravated assault conviction as predicate offense under the ACCA, I see no merit in his contention that his constitutional rights have been violated by the Government's position in *USA v. Kilgore*, No. 05-CR-17735 JH, as it relates to the position the Government takes with respect to Defendant Silva.  Having thoroughly reviewed all relevant aspects of the *Kilgore* case, I find that the Government's position here is not "perniciously inconsistent," as Defendant contends, with its having charged Defendant Kilgore with aggravated assault with a deadly weapon under state law through operation of the Assimilative Crimes Act at 18 U.S.C. § 13(a).

Dated February17, 2009.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE