IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB RAMON SILVA,

       Petitioner/Defendant,

vs.                                                      16-CV-674  JCH/KK
                                                        07-CR-787 JCH

UNITED STATES OF AMERICA,

       Respondent/Plaintiff.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On June 24, 2016, after obtaining the Tenth Circuit's authorization to do so, Jacob Ramon Silva filed an Emergency Successive Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1; CR Doc. 78; 10th Cir. No. 15-2151, Doc. No. 01019491258).  In his motion, Mr. Silva challenges the validity of his sentence on the basis that none of his three prior convictions qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), following *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015).  On September 22, 2016, the United States filed a Notice of Concession (Doc. 7), conceding that one of Mr. Silva's prior convictions, specifically, his third-degree robbery conviction under New Mexico law, no longer qualifies as a violent felony and that he is therefore "no longer an armed career criminal."  (Doc. 7 at 2.)  In conceding that Mr. Silva's request to be resentenced should be granted, the Government agrees with Mr. Silva, as do I, that *Johnson* applies retroactively to his case; that a third-degree robbery conviction under New Mexico law, NMSA § 30-16-2, does not qualify as a violent felony under the ACCA; and that, without this conviction, Mr. Silva does not have at least three qualifying convictions. (Doc. 7); *see Welch v. United States*, — U.S. —, 136 S. Ct.

1257, 1268 (2016); *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).

On September 23, 2016, Mr. Silva filed an Unopposed Motion Requesting Expedited Resentencing Hearing to Correct Sentence Under 28 U.S.C. § 2255, asking the Court to schedule a hearing for resentencing as soon as feasible, because "he is eligible for immediate release once his sentence is corrected." (Doc. 8 at 2.)

Having considered the record in this and Mr. Silva's underlying criminal case, I conclude that Mr. Silva is entitled to resentencing based on *Johnson*. Because the Court has determined that Mr. Silva's prior New Mexico third-degree robbery conviction no longer qualifies as a violent felony under the ACCA, it need not address his arguments with regard to his other two prior convictions. Consequently, I recommend that the Court grant Mr. Silva's motion, vacate his sentence, and set this case for resentencing on an expedited basis.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to Section 636(b)(1)(c), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen-day period allowed if that party wants appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

If the parties are willing to waive the objections period described above, they should file a notice to that effect as soon as possible.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**